JACKSON, *ex dem.* MARVIN and OTHERS, *against*
S. HOTCHKISS.

EJECTMENT to recover part of military lot No. 44, in *Homer, Cortland* county, tried at the circuit in that county, *January 25th*, 1825, before THROOP, C. Judge; when the following facts appeared :

The defendant came into possession of the premises in question, by agreement with *Daniel Hoar* and *Abner Hotchkiss*, who took possession under a written and sealed contract to purshase of *Anthony Marvin*, who died in 1811; (and of whom the lessors of the plaintiff are the children and heirs at law.) This contract of purchase was dated *October* 19*th*, 1797, about which time the vendees took possession. The last payment was to have been made in *March*, 1799. Two payments of part of the purchase money were endorsed on the contract; the last, of $60, as of *February* 14*th*, 1798. The present action was commenced in 1824. The vendees and the defendant had continued in possession of the premises in question from the time of the contract of purchase; and made permanent and valuable improvements, defended several actions of ejectment, and not been called on to pay; and have even acquired title by conveyance from a third person.

Where one enters on land under a contract to purchase; but neglects to pay the consideration money, he and those claiming under him are estopped to question the title of the vendor, or his heirs; though more than 20 years have elapsed from the time when the last payment became due; though the vendee, and those claiming under him, have made permanent and valuable improvements by the vendor.

A delay of twenty years to demand the money, or bring a suit upon a contract under seal, will raise a presumption of payment; but this may be repelled by showing that the covenantee died after the money fell due, leaving the contract in the hands of his attorney, who did not deliver it to the administrators, or place it within their control, till a number of years after the covenantee's death, it not appearing that they had any knowledge of the contract at the time of making out the inventory of their intestate's estate.

uable improvements; and the defendant had successfully defended several actions of ejectment for the same premises.

The defendant then offered in evidence a conveyance in fee of the premises in question, to himself from *Henry I. Stewart*, dated *November 6th*, 1806 ; a deed of the same premises from *Henry Ennis* to *Stewart*, dated *July 29th*, 1806, in which *Ennis* was described as the heir at law of *David Ennis*, a dead soldier, to whom lot 44 was patented ; and also the ballot book and dead soldier list, by which it appeared that the lot was patented to *David Ennis*.

The whole of this evidence was objected to on two grounds ; 1. that the defendant was concluded, having taken possession under the ancestor of the lessors ; 2. that the conveyance from *Ennis* to *Stewart* was void, the lot being then in the adverse possession of the defendant.

The counsel for the plaintiff disclaimed producing the evidence offered for the purpose of setting up title against the lessors of the plaintiff or their ancestor, unless the jury should believe, under all the circumstances of the case, that the contract with the ancestor of the lessors had been rescinded.

In this view, the judge admitted the evidence ; which was followed on the part of the defendant by evidence, (this also being objected to,) that the debt due to the ancestor of the lessors, on the contract of purchase, had not been inventoried by his administrators, in their inventory of his estate. This was met by the plaintiff with explanatory evidence, that the contract was, at the ancestor's death, and long before and after, in the hands of his attorney : and the judge putting the cause to the jury, upon the question of fact, whether the contract of purchase had not been abandoned, rescinded, or in some way extinguished by the parties, the jury found for the defendant.

*S. Sherwood,* for the plaintiff, now moved for a new trial, on the grounds, that the judge had admitted improper evidence ; and erred in submitting the question of abandonment to the jury. He cited *Cowp.* 214.

*J. A. Collier,* contra, cited 1 *John. Ch. Rep.* 354, *and the cases there cited;* 1 *Esp. Rep.* 366; 3 *John. Rep.* 283, 290-1; 5 *John. Ch. Rep.* 188; 3 *John. Cas.* 60; 6 *John. Ch. Rep.* 168; 1 *R. L.* 304.

*Curia, per* WOODWORTH, J. The evidence introduced at the trial, to show that the contract had been rescinded, was irrelevant and improper. The fact, that the defendant, in 1806, took a deed of the premises from *Stewart,* is no defence; the defendant being estopped from setting up a title against *Marvin,* under whom he held. It was an act done, for aught that appears, without *Marvin's* knowledge; and neither he nor his heirs can be affected by it, in an action of ejectment against the present defendant.

So also, the evidence that actions of ejectment had been commenced against the defendant, and successfully defended by him, was wholly immaterial. It is not pretended that *Marvin* ever had notice of those suits. If he had, the question of rescinding his contract had no connexion with that proceeding.

In judgment of law, there is no sufficient evidence to raise the question whether the contract was rescinded; and, consequently, it should not have been submitted to the jury.

More than twenty years had elapsed, between the time the last payment was to have been made, and the commencement of this action. Unexplained, I apprehend, the presumption of payment is made out. That presumption is, however, sufficiently repelled. *Marvin* died after the money became due. His papers relating to lot 44, appear to have been in the possession of Mr. *Sherwood,* his attorney, from 1807 to 1821. This sufficiently explains the omission of the contract in the inventory, filed by the administrators. At the time of making out the inventory, they probably had no knowledge that the contract existed. It is not urged that payment was ever made to *Sherwood.*

On the case before us, the plaintiff was entitled to recover.

ALBANY,          The verdict must be set aside ; and a new trial granted,
Oct. 1826.     with costs to abide the event.

Francis
v.                                                    New trial granted.
Ocean Ins. Co.