JOHN F. ZEBLEY, Appellant, *v.* THE FARMERS' LOAN AND
          TRUST COMPANY, Respondent.

While a court of equity may, under proper circumstances, decline to aid
    a party in the enforcement of a stale demand, this result can seldom, if
    ever, be reached by demurrer, but, *it seems*, should be presented by
    answer and determined after full examination of all the facts.
As a general rule the obligation of a trustee to account is not affected by the
    Statute of Limitations, until a denial or repudiation of the trust.
A defendant may not, upon demurrer to the complaint, urge the objection
    that another suit is pending for the same purpose or in which the relief
    sought by plaintiff may be obtained, even if the objection appears upon
    the face of the complaint, unless it is specified as a ground of demurrer.
Where a party seeking equitable relief is bound to pay some unascer-
    tained amount before the relief can be granted, it is not necessary
    to pay or tender the amount before bringing suit; it is sufficient
    if he offers in his complaint to pay or perform whatever obligations
    rest upon him in that regard.
This rule applies in an action against a trustee to compel him to account
    concerning the trust fund or property, especially where before the com-
    mencement of the action he has repudiated the trust.
The complaint in this action, which was commenced in 1888, alleged in
    substance these facts : Plaintiff is the owner of certain railroad
    bonds, secured by mortgage or deed of trust, executed to defendant as
    trustee for the bondholders, which contains a provision authorizing the
    trustee to bid in the property for the benefit of the bondholders on
    foreclosure sale, in case there should be no *bona fide* bid in cash to an
    amount equal to that of the outstanding bonds, and that upon payment by
    a bondholder of his share of the expenses of foreclosure, etc., the sale
    should inure to his benefit.  Default having been made, defendant, in
    1875, brought suit for foreclosure, in which judgment was rendered,
    directing a sale of the property, and that the trustee in the case pro-
    vided for bid it in.  In 1876, the property, in pursuance of the mort-
    gage and decree, was bid in by, and conveyed to defendant, and
    subsequently, without plaintiff's knowledge or consent, and with
    knowledge on its part that plaintiff's bonds were outstanding and unpaid,
    was conveyed by it to a new corporation, for some consideration, to
    plaintiff unknown.  Plaintiff has received none of the benefits of the
    reorganization, but has at all times elected to receive his distributive
    share of the proceeds of sale of the mortgaged property.  The corpora-
    tion, the maker of the bonds, is insolvent.  The complaint also averred
    that plaintiff has at all times been willing to pay his share of the
    expenses ; that in December, 1887, he demanded that defendant account
    with him, and pay him his share of the proceeds of the sale, or value of

the property, which defendant refused, denying that plaintiff had any right or interest in the sale or under the trust. Judgment was asked for an accounting and payment of plaintiff's share. *Held,* that a demurrer to the complaint was improperly sustained; that it stated facts sufficient to constitute a cause of action; that defendant was not in a position to claim, upon the pleadings, that plaintiff's demand was defeated by lapse of time; and that plaintiff was not bound to seek his remedy in the foreclosure suit, nor was the judgment therein inconsistent with his claim; also that the payment by plaintiff of his share of the expenses of foreclosure was not a condition precedent to his right to maintain the action; and that the new corporation to which the property was transferred, was not a necessary party.

*Zebley* v. *F. L. & T. Co.* (63 Hun, 541), reversed.

(Argued October 3, 1893; decided October 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1892, which affirmed a judgment in favor of defendant entered upon an order of Special Term sustaining a demurrer to the amended complaint.

The averments of the complaint, so far as material, are stated in the opinion.

*William Wirt Hewett* for appellant. A *cestui que* trust may require a trustee who has made away with the trust property to account. He may follow the trust fund into the hands of other persons or into other property in the hands of the trustee, or he may proceed against the trustee personally. (Perry on Trusts, §§ 760, 843; *In re Y. & C. R. R. Co.,* 50 Me. 565; *Hoyle* v. *P. & R. R. Co.,* 54 N. Y. 314.) The trustee cannot dispose of this property upon its own consideration, and thereby deprive plaintiff of his share in the fund. (*Hollister* v. *Stewart,* 111 N. Y. 645; *People* v. *Cork,* 110 id. 443; *Mitz* v. *B. & R. R. Co.,* 58 id. 63; *Berford* v. *Barnes,* 45 Hun, 243; *In re McCarter,* 93 N. Y. 558; *In re Foster,* 15 Hun, 387; *Fellows* v. *Longfor,* 91 N. Y. 324.) The question whether plaintiff became a holder of these bonds before or after the decree of foreclosure is immaterial. (Code Civ. Pro., §§ 1909, 1910.) The point of non-joinder of parties was not made at General Term. (*Bradstreet* v. *Schuyler,* 3

Barb. Ch. 608; *Griffith* v. *Godey*, 113 U. S. 89.) That facts are imperfectly or informally averred, or that the complaint lacks formality or precision, or that facts are argumentatively averred, are not grounds for demurrer, but for motion. A complaint will be deemed to allege what can by reasonable or fair intendment be implied from the allegations. (*Marie* v. *Garrison*, 83 N. Y. 14; 45 id. 157; *Hale* v. *O. N. Bank*, 49 id. 626; *Olcott* v. *Carroll*, 39 id. 436; *Lorillard* v. *Clyde*, 86 id. 384; *Butterworth* v. *O'Brien*, 39 Barb. 192; Code Civ. Pro. § 488; *Carter* v. *De Camp*, 40 Hun, 258; *Burney* v. *Drexel*, 33 id. 419; *Willis* v. *De Forest*, 16 Barb. 61; *Dodge* v. *Colby*, 108 N. Y. 445.)

*Herbert B. Turner* for respondent. It is always an objection to a suit in equity that it appears to be stale and speculative, and this defense may be made by demurrer (*Speidel* v. *Henrici*, 120 U. S. 377.) If the plaintiff is entitled to any relief whatever, it must be sought in the original foreclosure suit, and not in a separate action. (*Shaw* v. *R. R. Co.*, 100 U. S. 611; *F. N. Bank* v. *Shedd*, 121 id. 86; *C. Co.* v. *Blatchford*, 11 Wall. 172; *Knapp* v. *R. R. Co.*, 20 id. 117; *Beals* v. *I. M. & T. R. R. Co.*, 133 U. S. 290.) The subject-matter of the foreclosure suit was the mortgaged railroad in question. The foreclosure was in the nature of a proceeding *in rem*. That subject-matter was finally disposed of in that action, to which in legal intendment, the then holder of these eleven bonds was a party, being represented by the mortgage trustee. (Waples on Proc. in Rem, §§ 606, 615; Pom. Eq. Juris. §§ 181, 239, 1413; *Oelrichs* v. *Spain*, 15 Wall. 211; *G. R. R. Co.* v. *Cowdrey*, 11 id. 478.) The amended complaint alleges that the holders of the bonds which the plaintiff now owns, had, at the time of the action for foreclosure, no notice of that action and of the subsequent proceedings, and that the plaintiff himself had no such notice. But these averments are frivolous. The pendency of the action was itself notice, and if it were not so, such a trust could never be wound up, for to notify the bondholders in

such cases is generally impracticable, and is not required.
(Pom. Eq. Juris. §§ 632, 633, 638.) There is nothing in the
amended complaint to show that the foreclosure action is not
completely open now for any application in respect to the fund
that could have been made at any stage of the proceedings.
The entry of final judgment is no bar to any application that
ought to be entertained. That judgment may even be opened
at any time, if it is made to appear that substantial justice
demands that it should be done. (Rumsey's Pr. 648; *Hatch*
v. *C. N. Bank*, 78 N. Y. 487.) The present holder of the
bonds is, so far as legal right and remedies attaching to owner-
ship are concerned, in the same situation as the person who
held the bonds at the commencement of the foreclosure
suit. The transfers of the bonds from hand to hand since
that time have neither added to nor subtracted from them
any of their rights as tokens of an interest in the fund.
And that is all they were after the foreclosure. (Daniels'
Ch. Pr. 1525, 1545; *Wilder* v. *Keeler*, 3 Paige, 164;
*Van Hook* v. *Throckmorton*, 8 id. 33.) If the plaintiff
is entitled to any relief in the premises, it must be sought in a
proper proceeding in the action for foreclosure, and cannot be
obtained elsewhere. (Lea Cas. in Eq. [4th Am. ed.] 1389.)
The payment by the plaintiff of his proportionate share, or the
tender of such payment, is a condition precedent to his having
any interest whatever in the purchase. It is well settled that
facts showing the performance of conditions precedent must
be stated. (*Hatch* v. *Peet*, 23 Barb. 575; *Oakley* v. *Morton*,
11 N. Y. 25; *Wolfe* v. *Howes*, 20 id. 197.) To prove conver-
sion it must be shown that property physically capable of
being the subject of conversion came into the hands of the one
sought to be charged. No such allegation is made in the com-
plaint. If a party, either ignorantly or willfully, omits the
very facts on which his case depends, and contents himself
with averring evidence inconclusive in its nature, the courts
cannot shield him from the consequences of his error, if the
objection is taken at the proper time, and in the proper form.
(*Emery* v. *Pease*, 20 N. Y. 62; *City of Buffalo* v. *Holloway*,

7 id. 493; *People* v. *Supervisors,* 34 id. 268; *Lawrence* v. *Wright,* 2 Duer, 673; *Van Liew* v. *Johnson,* 6 T. & C. 648; *Calvo* v. *Davies,* 73 N. Y. 211.)

O'Brien, J.  The courts below have sustained a demurrer to the plaintiff's complaint.  The actual merits of the plaintiff's claim are not involved in this appeal, but only the question whether he has stated enough in his complaint to call for an answer from the defendant and an examination of the facts by the court.  If he has, then the case must be disposed of upon the facts as they may appear.  The action was commenced in April, 1888.  The allegations of the complaint are quite broad and general.  It states that prior to the commencement of the action, the plaintiff became and is the owner of eleven bonds, issued by the New York & Boston Railroad Company, a domestic corporation, upon which there is due and unpaid the sum of $11,000, with interest from November 1, 1872.  That such bonds were a part of an issue of $2,500,000, duly issued by said corporation, for the purpose of borrowing money to be used in completing and operating its road, under date of November 1, 1869, payable with semi-annual interest November 1, 1889.  That at the same time the railroad duly executed, sealed and delivered to the defendant a mortgage or deed of trust, conveying to the defendant, as security for the redemption and payment of said bonds and the interest thereon, all of its property and franchises, the mortgage being referred to and made a part of the complaint.  That the defendant became a party to the mortgage and accepted the trust and the bonds were thereupon issued in form payable to the defendant, trustee or bearer, in the sum of one thousand dollars each, and the defendant did thereafter, in accordance with the terms of the mortgage, certify in writing that the bonds were secured by the mortgage, which the complaint averred was duly recorded in the proper office.  That about May 1, 1873, the railroad company made default in the payment of the interest on the bonds, which default continued for more than sixty days,

whereupon the defendant as trustee, by the terms of the mortgage, did elect that the principal of all the bonds should become and be immediately due and payable. That thereafter and on or about April 23, 1875, the defendant brought suit for the foreclosure of the mortgage and procured a judgment in foreclosure, directing a sale of the property for the purposes of the trust. It is alleged that the decree in the action contained a direction in pursuance of the terms of the mortgage that upon the sale, in case there should be no *bona fide* bid in cash to an amount equal to that of all the bonds ascertained and reported to be outstanding and secured by the mortgage, the trustee might bid for and purchase the property in behalf of all the bondholders in proportion to their respective interests, not exceeding the whole amount of the outstanding bonds, but of the purchase price, only so much should be payable in cash as should be necessary to meet and defray the expenses of the action and the other expenses therein directed to be paid in cash, and thereupon, and upon the payment by each bondholder of his share of such cash payments, the purchase inure to their benefit in proportion to their respective holdings, such sale, however, to be subject to certain liens or claims as should thereafter be determined. That thereafter, and on June 5, 1876, no cash bid having been made, the property was sold to the defendant in conformity with the terms of the mortgage and decree, in behalf of all the bondholders, and conveyed to the defendant. That about this time certain persons associated themselves together and formed a new corporation with a new name, to which the defendant conveyed the property held by it in trust, upon some consideration to the plaintiff unknown, with knowledge that the plaintiff's bonds were still outstanding, due and unpaid. That the transfer was made without the knowledge or consent of the plaintiff or the holder of the bonds in suit, and they have never received any of the benefits or advantages of the reorganization, but, on the contrary, have at all times, elected to have their distributive share of the proceeds of the mortgaged

property, and that the corporation, maker of the bonds, is insolvent.

It is then averred that though the plaintiff has at all times been ready and willing to pay his share of the expenses of the defendant, and has at divers times, and particularly on or about December 16th, 1887, demanded that the defendant account with him of and concerning the premises, and pay him his share of the proceeds or value of the property and any other moneys that have come to its possession or under its control as such trustee, but the defendant has refused and still refuses to so account or pay and denies that the plaintiff has any right or interest in the proceeds of the sale or in anywise under said trust, and has wrongfully, and in violation of the trust converted to its own use the share of the property or its proceeds to which the plaintiff is entitled under the trust. Judgment is prayed that the defendant be required to account and pay over any sum in its hands applicable upon the plaintiff's bonds.

There were three defects or grounds of demurrer specified by the defendant.

1. That the complaint did not state facts sufficient to constitute a cause of action.

2. That the court has not jurisdiction of the subject of the action.

3. That there was a defect of parties, in that the new corporation, to which the property was transferred by the defendant upon the re-organization, had not been made a party defendant.

It will be seen that the facts stated show that the defendant was a trustee for the bondholders under the mortgage, and then under the decree of foreclosure; that it sold the trust property, and has not accounted therefor to the plaintiff, who owns part of the bonds, for the payment of which the defendant held the property. The complaint will be deemed to allege every fact which can by reasonable and fair intendment be implied from the statements. (*Marie* v. *Garrison*, 83 N. Y. 14; *Sanders* v. *Soutter*, 126 id. 193.)

Whatever may in the end prove to be the merits of the controversy, the pleading must be held sufficient to require an answer, unless two objections suggested upon the argument and sustained by the courts below, appear to be tenable.   These are : (1) That the complaint shows that the claim is a stale one, which a court of equity will not entertain, and (2) that upon the facts appearing on its face, the plaintiff's remedy, if any, must be had in the action brought to foreclose the mortgage.   The learned counsel for the defendant relies upon the case of *Speidel* v. *Henrici* (120 U. S. 377), to sustain the first proposition.   In that case, the court sustained a demurrer to a claim for accounting, based upon an uncertain and indefinite trust, not arising by deed, in regard to which the plaintiff had been silent for nearly fifty years.   The conclusion was sustained by authority found in the decisions of the Federal courts, and based upon the rules and practice of equity as administered there.   In this state, however, it has long been settled that such circumstances are only evidence upon an issue of fact with respect to the existence of the claim, the ownership of the party setting it up, or its subsequent payment, settlement or extinguishment in some way.   (*Macaulay* v. *Palmer*, 125 N. Y. 742 ; *Jackson* v. *Sackett*, 7 Wend. 94 ; *Bean* v. *Tonnele*, 94 N. Y. 381 ; *Parker* v. *Foote*, 19 Wend. 309 ; *Miller* v. *Smith*, 16 id. 443 ; *Jackson* v. *Hotchkiss*, 6 Cow. 401.)

The inference, with respect to the existence of a claim in fact, to be drawn from such facts and circumstances may be strong or otherwise depending upon the peculiar features of each particular case, but generally it cannot be said, as matter of law, that a claim or cause of action, not barred by the Statute of Limitations, is defeated by mere lapse of time alone. Under our system of procedure, even where the complaint upon its face discloses a cause of action barred by the Statute of Limitations, the question cannot be raised by demurrer, but by answer, and certainly a party ought not to be permitted to avail himself of the objection that the demand is stale, in consequence of facts not constituting a statutory bar, on easier

terms than he could avail himself of the Statute of Limitations. A court of equity undoubtedly may, under proper circumstances, in the exercise of discretion, decline to aid a party in the enforcement of a stale demand, but it is believed that such a result can seldom, if ever, be reached upon a demurrer to the bill, and without full examination of all the facts and circumstances of the case. Generally the obligation of a trustee to account is not affected by the Statute of Limitations until a denial or repudiation of the trust. (Perry on Trusts, vol. 2, § 863 ; Angell on Limitations, §§ 166, 468, 472 ; *Decouche* v. *Savetier*, 3 Johns. Ch. 190, 216 ; *Flint* v. *Bell*, 27 Hun, 158 ; *Shannon* v. *Howell*, 36 id. 47.)

According to the allegations of the complaint admitted by the demurrer, this transpired but a few months before the commencement of the action, so that, in any aspect of the case, the defendant is not in a position upon the pleadings as they stand to insist that the plaintiff's claim is, as matter of law, defeated by the lapse of time.

Nor can it be held that the plaintiff's sole remedy was by intervention in the action to foreclose the mortgage. He had no absolute right to intervene, but could do so only on application to the court, which was subject to the exercise of discretion. The demurrer cannot be sustained upon this ground unless it appears upon the face of the complaint either that another suit was pending between the same parties for the same cause of action, or that the rights of the plaintiff were adjudicated by the decree so as to operate as a bar.

It is plain that neither of these facts appear. The former judgment settled nothing inconsistent with the plaintiff's present claim. Indeed, the facts upon which the plaintiff claims relief did not exist until after the entry of that judgment. It is the sale of the property, the receipt by defendant of the proceeds and the refusal to account that constitute the most important elements of the cause of action, and all these facts transpired subsequent to the entry of the decree. That judgment fixed the defendant's relations to the bondholders as trustee under it for the purpose of executing its provisions,

but whether it ever did in fact perform the trust imposed could not, in the nature of things, have been determined, but was left open for future inquiry. The pendency of another action for the same purpose, or where the relief could be obtained, is not specified as a ground of demurrer, and, therefore, the defendant cannot urge that objection now even if it appeared upon the face of the complaint that such was the fact. It is obvious, however, that the former suit was not one between the same parties upon the same cause of action, though it may be true that the plaintiff might have been made a party thereto by permission of the court, and by amended or supplemental pleading, or in some other way obtained the relief now sought, but it does not follow, as matter of law, that he was bound to do so. The obligation of the trustee to account to the plaintiff did not arise until it had received the proceeds of the trust property, and the complaint discloses no obstacle to the enforcement of that right, when it accrued, by an independent action.

The plaintiff was bound by the terms of the mortgage and decree to pay his share of the expenses in order to share in the distribution of the proceeds of the property, and it is quite true that the complaint does not show that he had paid or tendered the amount. If such payment or tender was a condition precedent to the maintenance of such an action it would be necessary to show that it had been performed. But it has long been the rule in actions for equitable relief such as is sought to be obtained here, where it appears that the party seeking the relief was bound to pay some unascertained amount before the relief could be granted, that it is not necessary to pay or tender the amount before bringing the suit. It is enough if he offers in his bill to pay or to perform whatever obligations rested upon him in that regard (*Casserly* v. *Witherbee*, 119 N. Y. 522 ; *Quin* v. *Brittain*, Hoff. Ch. 353 ; *Beach* v. *Cooke*, 28 N. Y. 508 ; *Kley* v. *Healy*, 127 id. 555), and the plaintiff has complied with that rule.

In actions to compel an accounting by a trustee concerning the disposition made of the trust fund or property this prin-

ciple applies, and this is especially true in a case where he has repudiated the trust before the commencement of the action, and the tender would be a mere idle ceremony. It is true that under certain circumstances a failure to pay or tender performance before suit may be a good reason for denying costs to the plaintiff or for imposing costs upon him, even when the action is otherwise· sustained, but it cannot be held that a complaint in an action of this character is for that reason bad upon demurrer. The new corporation created under the re-organization proceedings was not a necessary party. The defendant as trustee transferred to it the trust property, but its title under that transfer is not questioned, and no relief of any kind is asked against it, nor are any facts stated which would warrant any relief.

The judgment should, therefore, be reversed, and the demurrer overruled, with costs to the plaintiff in all courts, and with leave to the defendant to answer within twenty days after service of the order, upon payment of costs.

All concur.

Judgment reversed.