(35 Misc. Rep. 62.)

## MOUNT v. MOUNT.

(Supreme Court, Special Term, New York County.  May, 1901.)

1. LIMITATIONS—ACCOUNTING BY TRUSTEE.
    Limitations did not run against an action by a substituted testamentary trustee against the representatives of a deceased trustee for an accounting as to the trust fund until a repudiation of the trust.
2. SAME—PARTIES.
    In an action by a substituted testamentary trustee against representatives of a deceased trustee for an accounting, the remainder-men are not necessary parties.

Action by Charlotte A. Mount, trustee under will of Richard E. Mount, against Gertrude M. Mount, executrix of Henry R. Mount. Judgment for plaintiff.

C. F. Martin, for plaintiff.
Morris A. Tyng, for defendant.

LAWRENCE, J.   The facts in this case are as follows:  Richard E. Mount died on the 30th day of March, 1880, leaving a last will and testament, which was duly admitted to probate on May 5, 1880, by the surrogate of New York county.   Said will, among other specific bequests, directed his executors to set aside out of his personal estate the sum of $5,000, and hold the same in trust for the benefit of his nephew Richard H. Mount during his life, and at his death to pay over and divide the same among his children in equal shares. The will appointed the brother of the testator Henry R. Mount, and his nephew Henry R. Mount, as executors.   The brother Henry R. Mount died before the testator, and the nephew Henry R. Mount qualified as sole executor, and acted as such up to the time of his death, which occurred on the 29th of July, 1889.   Henry R. Mount, the executor above named, left a last will, which was duly admitted to probate by the probate court of Orange, where said Henry R. Mount resided at the time of his death, and letters testamentary were issued to the defendant, Gertrude M. Mount, as sole executrix thereof.   After proceedings had before the surrogate of the county of Kings, N. Y., letters testamentary, ancillary to those already granted by the probate court of Orange, N. J., were granted to said Gertrude M. Mount, who duly qualified as such executrix.   The plaintiff, Charlotte A. Mount, was, on the 27th day of August, 1900, duly appointed as substituted testamentary trustee in the place and stead of said Henry R. Mount, deceased, and she duly qualified as such substituted testamentary trustee and is acting as such.   Plaintiff has demanded of the defendant the custody and control of the said trust fund, and of the accrued interest thereon, and, the defendant having refused to pay over the same, this action is brought to recover the fund.

The answer of the defendant sets up two affirmative defenses, after putting in issue, either by positive denial or by denial of any knowledge or information sufficient to form a belief, the allegations of the complaint.   Those affirmative defenses are, first, that the cause of action stated in the complaint did not accrue within six years be-

fore the commencement of the action, or within six years before the death of the defendant's testator, said Henry R. Mount, nor within ten years before the commencement of this action; and that there is a defect of parties, in that Richard H. Mount, the beneficiary named in the trust alleged in the second paragraph of the complaint, has two children, both of whom, as defendant is informed and believes, are residents of the state of New York, and are not made parties defendant to this action. Upon the trial of the action, the plaintiff offered in evidence a paper produced from the files of the surrogate's office, purporting to be an inventory of the estate filed by Henry R. Mount, as executor of the decedent. The paper purported to be dated September, 1881, but was not filed in the office of the surrogate of the county of New York until the day of the trial of the action. Some time after the case had been submitted a motion was made on the part of the defendant to strike out the paper offered in evidence on the trial, on the ground that the same was not filed in the office of the surrogate by the said Henry R. Mount, or by his authority or direction. This I refused to do, but reopened the case for the purpose of inquiring into the facts attendant upon such filing, and to enable the plaintiff to give other proof that the fund mentioned in the will of Richard E. Mount was received and set apart by the defendant's testator. In pursuance of this direction, the parties again appeared before the court and submitted further proofs. Under the explanation given by the plaintiff's attorneys, upon that further hearing, as to their reasons for filing the inventory, I do not think that the defendant's counsel is justified in accusing them of bad faith.

As to the affirmative defenses set up in the answer, it is sufficient to say that, as a general rule, the obligation of a trustee to account is not affected by the statute of limitations until a denial or repudiation of the trust. Zebley v. Trust Co., 139 N. Y. 461, 34 N. E. 1067. In this case there was no denial or repudiation of the trust by Henry R. Mount, so far as the evidence discloses. He accepted the position of executor under his uncle's will, and acted as such until the time of his death.

As to the point that there is a defect of parties, in that the remainder-men, the children of Richard H. Mount, are not joined as parties defendant, I understand it to be well settled that it is not necessary, in an action brought by a trustee to recover trust property, to make the cestuis que trustent parties to the action, unless the action involves and requires the determination of rights as between the beneficiaries themselves, or as between them and the trustees. Such is not the case here. In re Straut, 126 N. Y. 201, 27 N. E. 259. Irrespective of the inventory, I think that the further evidence submitted on the second hearing is sufficient to warrant the court in holding that the said Henry R. Mount became possessed of the specific trust fund of $5,000, directed to be set apart by the will of Richard E. Mount for the benefit of his nephew Richard H. Mount. The evidence given at the second hearing showed that Henry R. Mount, as executor, etc., of Richard E. Mount, deceased, had satisfied mortgages held by the testator, or which belonged to his estate, in an aggregate

amount of over $50,000. This is sufficient, I think, to require the defendant to show what has become of that money. It must be assumed that, in satisfying the mortgages, the executor, Henry R. Mount, received either their face value, or such amount as remained unpaid upon them. He is therefore shown prima facie to have been in possession of more than sufficient moneys to enable him to fulfill the direction of the testator to set apart the said sum of $5,000, and invest it in good security for the benefit of his nephew and his children, as directed in the will. I am therefore of the opinion that the plaintiff is entitled to judgment for the amount of said principal of $5,000, or the security or securities representing the same, with interest from the date of the creation of the trust, besides the costs of this action. Draw decision and judgment accordingly, and settle on two days' notice.

Judgment for plaintiff, with costs.