(51 Misc. Rep. 213.)

### BERGMANN v. LORD et al.

(Supreme Court, Special Term, New York County. December, 1905.)

1. CREDITOR'S SUIT—PROPERTY SUBJECT—TRUST ESTATE.

Code Civ. Proc. § 1879, prohibits the maintenance of a creditor's action to reach property held in trust for a judgment debtor, where the trust has been created by, or the funds so held have proceeded from, a person other than the judgment debtor. *Held* to refer to the interest of a beneficiary of income, inalienable under the personal property law, and the judgment creditor may reach a judgment debtor's interest in remainder in a fund held for the benefit of a third person.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, § 38.]

2. SAME—PARTIES.

> In an action by a judgment creditor to reach a remainder in the fund held by a trustee, one, who also has an interest in the fund which must be measured and apportioned, is a proper party.
>
> [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, § 113.]

Action by George A. Bergmann against Franklin B. Lord and others to reach interest of judgment debtor in funds in hands of trustee. Demurrer to complaint overruled.

John M. Harrington, for plaintiff.
Merle I. St. John, for defendants.

BISCHOFF, J. This is a judgment creditor's action to reach the interest of the judgment debtor in the remainder of a trust fund of $50,000 created by a person other than the judgment debtor, and the main ground of the demurrer, for insufficiency, is that the statute (Code Civ. Proc. § 1879), which prohibits the maintenance of such an action to reach "any money, thing in action or other property held in trust for a judgment debtor, where the trust has been created by or the fund so held in trust has proceeded from, a person other than the judgment debtor," applies to an interest in remainder. In my opinion the words "in trust for a judgment debtor," as used in the statute, have reference to trusts in which the judgment debtor's interest is that of a beneficiary, as distinguished from an interest in remainder. The history of the rules which apply to creditors' actions to reach trust interests is traced in a note to Tolles v. Wood, 16 Abb. N. C. 1, 20, and the conclusion is expressed (page 27):

> "That the principal of a fund, real, personal or mixed, held in a third person's trust for the benefit of the debtor, cannot be reached in the trustee's hands unless his interest in the principal is alienable by him, and then it is that interest, not necessarily the fund itself, that is to be reached."

From the authorities collated the soundness of this conclusion is apparent, and the meaning of the words "in trust for a judgment debtor" (Code, § 1879) is found to be restricted to the interest of a beneficiary of income, inalienable under the Personal Property Law (Laws of 1897, p. 508, c. 417, § 3), and likewise inalienable before that enactment, through judicial extension of the statutes relating to trusts of realty. Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236. No limitation has been placed by the statute upon the right to alienate expectant estates in personalty, a right which always existed at common law (Lawrence v. Bayard, 7 Paige, 70), and it is contrary to the policy of the law to exclude a judgment creditor from the benefit of any property interest which the debtor could dispose of by assignment. Hallett v. Thompson, 5 Paige, 583, 586. My conclusion is that this interest is not "property held in trust for a judgment debtor" (Code, § 1879), and that the action is maintainable. Code, §§ 1871, 1873. The interest of the judgment debtor in this fund had vested in interest at the time of his death, which occurred in the state of New Jersey, and unless the court should take jurisdiction and permit the

action to be maintained against the foreign executrix (a defendant), the plaintiff would be without remedy.

The facts alleged in the complaint disclose grounds of urgency quite sufficient to bring the case within the rule stated in Montgomery v. Boyd, 78 App. Div. 64, 79 N. Y. Supp. 879, and the pleading is, therefore, proof against a demurrer upon the jurisdictional ground suggested. It is claimed also that the court has no jurisdiction because the 10 years' limitation has run, but the statement of the point as a jurisdictional question does not alter its character, which is simply that a defense of the statute of limitations is disclosed by the averments of the complaint, and such a question cannot be raised by demurrer. Zebley v. Farmers' Loan & Trust Co., 139 N. Y. 461, 468, 34 N. E. 1067. The defendant Marion Low, upon her separate demurrer to the sufficiency of the complaint, contends that she is not a proper party, in that her equal undivided interest in remainder in this fund of $50,000 cannot be affected by this litigation. It is alleged in the complaint that the fund of $50,000 was set apart in certain securities by agreement between the beneficiary and the two remaindermen, the judgment debtor, and the defendant Marion Low: that the fund has increased in value, as invested, and is susceptible of division for retention into two parts, and it is prayed that the persons holding the fund be directed to divide it, with the accretions, into two parts, and that the interest of the judgment debtor be sold. Since the fund has been kept in a certain form by agreement, to which the defendant Low was a party, and since there are accretions which should be measured and apportioned in order that the judgment debtor's interest may be absolutely determined for a sale, it would appear that this defendant was properly joined. She has an interest in the subject of the action, which subject is not merely the judgment debtor's interest in the fund of $50,000, but his further interest in unadjusted accretions to that fund—a matter which should be presently determined as between his executrix and the other party in interest, this particular demurrant. The demurrers are therefore overruled, with costs of one demurrer, with leave to defendants to plead over on payment of costs within 20 days.

Demurrer overruled, with costs of one demurrer, with leave to defendants to plead over on payment of costs within 20 days.